```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTTIE NORTH,                  :
                                :
        Plaintiff,              :    Case No. 06-CV-550
                                :
    v.                          :
                                :
JOHN WETZEL,                    :    Judge Conaboy
                                :
        Defendant.              :
_____
```

Memorandum and Order

Before the Court is Scottie North's, ("Plaintiff"), Complaint against John Wetzel, ("Defendant"). (Doc. 1). Plaintiff seeks both injunctive and monetary relief pursuant to 42 U.S.C. § 1983. After reviewing Plaintiff's Complaint, we find that Plaintiff's claim should be dismissed pursuant to 28 U.S.C.A. § 1915(2)(B)(ii). Therefore, Plaintiff's Complaint should not be served upon the Defendant.

I.   Background[1]

Plaintiff, an inmate at Franklin County Prison, filed the instant Complaint on March 16, 2006. (Doc. 1). Plaintiff claims that he spent an extra three weeks in the Restrictive Housing Unit, ("RHU"), because of "the prison's disorderly system." (Id. at 2). Although Plaintiff was on "RHU" status at the time of the alleged incident, he states that he was housed on a general population block because the RHU was full. While he was on the general

---

[1] The following facts are taken exclusively from Plaintiff's Complaint, (Doc. 1).

population block, several inmates threw trash out of their cells onto the block. Because it could not be determined which inmates were responsible for throwing the trash, all inmates on the block received an extra month on RHU status. At the time of the incident, Plaintiff had one week left on his original RHU sentence. Therefore, he claims that he spent an extra three weeks on RHU status.

Plaintiff's Complaint stems from the fact that he was housed on a general population block while on RHU status. According to Plaintiff, the confusion over the garbage could have been avoided if the inmates had been properly housed because the RHU unit has video cameras monitoring the block. Additionally, Plaintiff claims that the prison assigned three people to a two person cell when only one "security risk" prisoner should be in a cell at a time.

Plaintiff indicates that he exhausted the grievance procedures available at the prison but that no action was taken. Thus, he filed the instant Complaint.

## II.  Discussion

Plaintiff seeks relief pursuant to § 1983 for the extra time he spent in Franklin County's RHU. However, the Complaint does not present a claim upon which relief can be granted. Therefore, we find that Plaintiff's claim should be dismissed.

It is well established that a prisoner does not have a liberty interest in where he is housed. *Meachum v. Fano*, 427 U.S. 215, 96

2

S.Ct. 2532, 49 L.Ed.2d 451 (1976).  Along with *Meachum*, the Supreme Court has addressed a litany of cases addressing the issue of when a prisoner may have a liberty interest in his confinement.  See *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980); *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 63 USLW 4601, 132 L.Ed.2d 418 (1995).  Ultimately, the Supreme Court has found that although States may under certain circumstances create liberty interests protected by the Due Process Clause, those interests are generally limited to circumstances which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 115 S.Ct. at 2300.

In the instant case, Plaintiff claims that he spent extra time in the prison's RHU unit and that such time could have been avoided if the prison was better organized.  (Doc. 1 at 2).  It appears clear that the facts as alleged by Plaintiff do not give rise to circumstances that meet the threshold outlined by the Court in *Sandin*.  Therefore, we find that Plaintiff's claim should be dismissed.

Date: June 13, 2006
                                S/Richard P. Conaboy
                                United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTTIE NORTH, | : | |
| Plaintiff, | : | Case No. 06-CV-550 |
| v. | : | |
| JOHN WETZEL, | : | Judge Conaboy |
| Defendant. | : | |

## Order

Now, this 13th day of June, 2006, the following order is entered:

1. Plaintiff's Complaint, (Doc. 1), filed on March 16, 2006, is dismissed pursuant to 28 U.S.C.A. § 1915(2)(B)(ii).
2. The clerk of court is directed to close this case.

S/Richard P. Conaboy
Richard P. Conaboy
United States District Judge